1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  KASEY GRAHAM,                    ) NO. CV 10-4618-RGK(E)
                                     )
12                Plaintiff,         )
                                     )
13       v.                          ) MEMORANDUM AND ORDER DISMISSING
                                     )
14  MR. OROZCO (LAPD), et al.,       ) COMPLAINT WITH LEAVE TO AMEND
                                     )
15                Defendants.        )
                                     )
16  _____ )

17

18       For the reasons discussed below, the Complaint is dismissed with

19  leave to amend.  See 28 U.S.C. § 1915(e)(2)(B).

20

21       On June 30, 2010, Plaintiff, a detainee at the Metropolitan

22  Detention Center, filed this pro se civil rights case pursuant to

23  42 U.S.C. section 1983.  Defendants are five Los Angeles police

24  officers, sued in their individual and official capacities.

25

26       Plaintiff alleges that the Defendants violated Plaintiff's rights

27  under the Fourth and Eighth Amendments, allegedly by filing false

28  charges against Plaintiff and subjecting Plaintiff to malicious

1  prosecution.[1]  Plaintiff alleges that, on May 15, 2009, a Los Angeles

2  County Superior Court judge issued a search warrant containing

3  allegedly false statements, specifically, statements concerning

4  incidents that assertedly occurred after the court issued the warrant

5  (Complaint, p. 5).  Plaintiff alleges that he did not commit any

6  crimes justifying his arrest or the issuance of a warrant (id.).

7  Plaintiff further alleges that, on July 14, 2009, the Superior Court

8  issued another search warrant containing allegedly false information.

9  Plaintiff asserts that the allegedly false charges have caused

10 Plaintiff to suffer "severe emotional distress and loss of enjoyment

11 of life," as well as psychological suffering affecting Plaintiff's

12 "physical stability and health concerns" (id.; attachment, p. 1).

13 Plaintiff seeks damages, an investigation and interview by "Federal

14 Internal Affairs," and "[n]egotiations" between the United States

15 Attorney and Plaintiff or his counsel in the criminal case.[2]

16

17    The official capacity claims against the individual Defendants

18 must be construed as claims against the City of Los Angeles.  See

19 Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  Plaintiffs may not

20 sue the City or any municipal entity on a theory of respondeat

21 superior, which is not a theory of liability cognizable under

22 42 U.S.C. section 1983.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948

23 (2009); Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v.

24 _____

25    [1]    Plaintiff's claims appear to relate to Plaintiff's
   pending criminal prosecution in this Court in United States of
26 America v. Kasey Robert Graham, CR 09-1084-PSG.

27    [2]    The prayer of the Complaint mentions an "attached"
   motion for appointment of counsel.  However, no such motion is
28 attached to the Complaint.

1 | County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert.

2 | denied, 537 U.S. 1106 (2003).  A municipal entity may be held liable

3 | only if the alleged wrongdoing was committed pursuant to a municipal

4 | policy, custom or usage.  See Board of County Commissioners of Bryan

5 | County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New

6 | York City Department of Social Services, 436 U.S. 658, 691 (1978); see

7 | also Gibson v. County of Washoe, Nev., 290 F.3d at 1185-87 (describing

8 | "two routes" to municipal liability, where municipality's official

9 | policy, regulation or decision violated plaintiff's rights, or

10 | alternatively where municipality failed to act under circumstances

11 | showing its deliberate indifference to plaintiff's rights).  Plaintiff

12 | must allege facts, not conclusions, to support his official capacity

13 | claims.  See Ashcroft v. Iqbal, 129 S. Ct. at 1949.  The Complaint

14 | contains no allegations supporting Plaintiff's official capacity

15 | claims.

16 |

17 |     To the extent Plaintiff seeks damages for emotional distress,

18 | Plaintiff has not alleged any specific physical injuries resulting

19 | from the challenged actions as required to support a claim for mental

20 | or emotional injury suffered while in custody.  See 42 U.S.C.

21 | § 1997e(e) ("No Federal Civil action may be brought by a prisoner

22 | confined in a jail, prison, or other correctional facility, for mental

23 | or emotional injury suffered while in custody without a prior showing

24 | of physical injury."); 42 U.S.C. § 1997e(h) (defining "prisoner" to

25 | include any person "detained in any facility who is accused of . . .

26 | violations of criminal law").  Section 1997e(e) requires a showing of

27 | more than a de minimis physical injury in order to recover damages for

28 | emotional distress.  Oliver v. Keller, 289 F.3d 623, 630 (9th Cir.

3

1  2002). Plaintiff's conclusory allegations that Defendants' actions

2  purportedly affected Plaintiff's "physical stability and health

3  concerns" do not suffice.  See Ashcroft v. Iqbal, 129 S. Ct. at 1949;

4  see also Jackson, Jr. v. Monterey County Jail, 2008 WL 269472, at *4

5  (N.D. Cal. 2008) (conclusory allegations of physical injury are

6  insufficient).

7

8      To the extent Plaintiff seeks a federal "investigation" into

9  Plaintiff's allegations of police misconduct or an order compelling

10 the "US Attorney" to conduct "negotiations" with the defense in

11 Plaintiff's pending criminal case, the Complaint is insufficient.  "In

12 our criminal justice system, the Government retains 'broad discretion'

13 as to whom to prosecute."  Wayte v. United States, 470 U.S. 598, 607

14 (1985).  "[A] private citizen lacks a judicially cognizable interest

15 in the prosecution or nonprosecution of another."  Linda R. S. v.

16 Richard D., 410 U.S. 614, 619 (1973).

17

18                              **ORDER**

19

20     The Complaint is dismissed with leave to amend.  If Plaintiff

21 still wishes to pursue this action, he is granted thirty (30) days

22 from the date of this Order within which to file a First Amended

23 Complaint.  The First Amended Complaint shall be complete in itself.

24 It shall not refer in any manner to any prior complaint.  Plaintiff

25 shall not attempt to add additional parties without leave of Court.

26 See Fed. R. Civ. P. 21.  Failure to file timely a First Amended

27 Complaint in conformity with this Memorandum and Order may result in

28 the dismissal of this action.  See Simon v. Value Behavioral Health,

4

1 | _Inc._, 208 F.3d 1073, 1084 (9th Cir.), _amended_, 234 F.3d 428 (9th Cir.

2 | 2000), _cert. denied_, 531 U.S. 1104 (2001), _overruled on other grounds_,

3 | _Odom v. Microsoft Corp._, 486 F.3d 541 (9th Cir.), _cert. denied_, 128

4 | S. Ct. 464 (2007) (affirming dismissal without leave to amend where

5 | plaintiff failed to correct deficiencies in complaint, where court had

6 | afforded plaintiff opportunities to do so, and where court had given

7 | plaintiff notice of the substantive problems with his claims).

8 |

9 |        IT IS SO ORDERED.

10 |

11 |           DATED: July 7, 2010.

12 |

13 |

14 | _____

15 |                R. GARY KLAUSNER
                UNITED STATES DISTRICT JUDGE

16 |

17 |

18 | PRESENTED this 2nd day of

19 | July, 2010, by

20 |

_____/S/_____
21 |        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

22 |

23 |

24 |

25 |

26 |

27 |

28 |

5